## Robert Frail, Ex Parte.

A writ of error does not lie from the Supreme Court to the Corporation Court of the City of Little Rock.

This was an application for a writ of error to the Corporation Court of the city of Little Rock, to bring up to this Court the proceedings upon a conviction for an affray, wherein Frail was fined twenty dollars, and committed until fine and costs should be paid.

Gilchrist and Evans, for the motion:

Writs of error are writs of right, and, at common law, lie upon all judgments of any Court of record. See *Comyn Dig.*, title *Plea*, 3 *B.* 7, and references there cited.

Error lies upon all judgments of any Judge or Court of record, which *acts* according to the course of the common law, though newly created by statute. *Com. Dig.*, title *Plea*, 3 *B.* 7; 1 *Mass. Rep.*, 387—89; 2 *Mass. Rep.*, 445; 11 *Mass. Rep.*, 446; 1 *Salk.*, 263; and *J. Rep.*, 337.

The Corporation Court of the city of Little Rock is a *Court of Record.* Statute of 1835, page 55, sec. 6; Statute 1837-8, page 65; Statute 1840, page 42. And it *acts* according to the course of the common law. See Statutes and City Ordinances.

The jurisdiction over assaults and batteries, &c., committed within the corporate limits of the city of Little Rock, was, by statute, (1840, page 42,) taken from the Circuit Court, and, under the Constitution, Art. 6, Sec. 1, vested in the Corporation Court. Or if the Legislature should have failed in conferring jurisdiction over criminal charges, by attempting to dispense with the necessity of *indictment* or *presentment*, still error will lie. Error lies upon a judgment *void*, as being out of the jurisdiction of an inferior Court. *Com. Dig.*, title *Plea*, 3 *B.* 7; 1 *Ral.*, 744.

"Writs of error shall issue of course out of the Supreme Court, on final judgment in criminal matters." *Revised Statutes*, 314, *sec.* 214.

It is believed that this principle is applicable to all "inferior Courts" having jurisdiction of criminal matters."

The power to issue writs of error is conferred upon the Supreme Court by the Constitution. See *Constitution, Art.* 6, *sec.* 2. And the the Supreme Court needs no legislative aid, to carry into execution this power; (*State vs. Ashley et al.,* 1 *Ark. Rep.,* 513); where this Court issued a writ of *quo warranto,* in the absence of legislative provisions. And in the case of *Rutherford vs. State Bank,* decided at the present term of this Court, that *one* of the Supreme Judges could issue a writ of error. The power to issue writs of error being conferred upon the Supreme Court by the Constitution, it is clear the Legislature cannot take from it that power, either directly or by *implication.* It follows, therefore, that the right of appeal, secured to the aggrieved party in the Corporation Court, does not by *implication* deny him the right to apply for his writ of error to the Supreme Court. *Savage vs. Gulliver,* 4 *Mass. Rep.,* 178.

DICKINSON J., delivered the opinion of the Court:

The question in this case is, whether a writ of error will lie in the matter before us?

That writs of error issue, as of course, to the Circuit Courts, is not controverted. But can they issue to the Corporation Court of the city of Little Rock? If not, how is the superintending authority of the Supreme Court to be exercised in restraining and correcting the irregularities of that and other inferior Courts?

The question is, to our minds, of easy solution. By the 3d section of chapter 43 Rev. Stat. Ark., the Circuit Court is specially invested with jurisdiction to "hear, try, and determine appeals from all judgments and orders of the Probate Court and justices of the peace, in all cases not expressly prohibited by law;" and shall have a superintending control over them; and the Constitution gives the Circuit Court "power to issue all the necessary writs to carry into effect their general and specific powers." So the act establishing the Corporation Court also gives an appeal to the Circuit Court. From the judgment of the latter, a writ of error lies to this Court; thus securing the right of appeal to the party complaining, and ultimate revision by

this Court. In examining the various provisions of the Constitution, and the several laws defining the powers and duties of the different tribunals, it will be found that competent means are provided, by which all private rights may be pursued, and private injuries redressed; and that the utmost harmony pervades our whole system of jurisprudence. There is no class of cases unprovided for: on the contrary, the laws are adapted to every occasion that may arise—to every circumstance that may occur; and substantial justice may be speedily administered to all. If a party feels himself aggrieved by one tribunal, he may, if he avails himself of the facilities offered to him, step by step, and in regular gradation, in general ascend from the most inferior to the superior Court, until at last he reaches the highest point of authority and law. By this means, individual rights are secured, the errors of the one Court rectified by the other, and our whole judicial system preserved entire and unbroken.

A construction such as is contended for, instead of affording protection and benefit, would be oppressive from its expense, and injurious by its delay. The mode of proceeding before Corporation Courts and justices of the peace, is summary. The ordinary forms of pleading are not observed nor required. Men of law learning do not usually preside in the adjudication of cases, and errors and irregularities in their proceedings will therefore be of frequent occurrence; to remedy which, appeals are allowed to the Circuit Court, within some definite period, of which the party complaining must avail himself in time, or bear the consequences of his negligence or inattention. It would, in our opinion, not only be unsound policy, but contrary to existing rules and usages of law, to extend writs of error to Courts of summary jurisdiction. If they ought to be more extensively applied than they now are, we have a Legislature always ready and able to afford every requisite remedy; and this we presume will be admitted to be the proper mode, if it is deemed advisable to enlarge the powers of this Court, so as to embrace cases coming direct from corporation courts or justices of the peace.

But we cannot believe that it was ever designed, either by the framers of our Constitution, or by our legislators, that this Court should be oppressed with questions of law which might arise before every

justice of the peace or corporation court, by allowing them to be brought up direct on writs of error. The evils resulting from such a construction have been foreseen, and wisely provided for, by restricting the use of such writs to final judgments of the Circuit Court. Were appeals or writs of error allowed to bring up cases direct from the most inferior Courts, it is easy to imagine the mischiefs that would ensue. The man of moderate means, the diffident suitor, and the lover of quiet, will yield to the presumptuous and overbearing; and the rights of the poor will frequently be crushed by his more wealthy opponent. The spirit of litigation would be engendered, strengthened, and diffused, and the usefulness of this Court in a great measure destroyed, by crowding its docket with cases in many instances without a shadow of law or justice to sustain them, to the annoyance of meretorious litigants, and the exclusion of its legitimate business.

The opinion of this Court on the application of John C. Slattery, to be discharged on habeas corpus from the judgment of the Corporation Court of Little Rock, for using obscene language, is considered applicable to this case, as neither that offence, nor the one for which this applicant was convicted, is provided for or made punishable by any statute of this State.

The writ of error must be refused.